# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEREK N. JARVIS | * |
| Plaintiff | * |
| v. | * Civil No.: PJM 10-244 |
| STAPLES, INC. | * |
| Defendant | * |

## MEMORANDUM OPINION

Derek N. Jarvis, *pro se*, has sued Staples, Inc. pursuant to 42 U.S.C. § 1981 and Md. Code Ann., State Gov't § 49B, alleging that Staples discriminated against him on the basis of race in the making of and enforcement of a business contract. He also makes a common-law claim for negligent training and supervision of Staples' employees, as well as a claim of "Obstruction of Justice and Spoliation of Videotape Evidence."

Staples has filed a Motion to Dismiss Plaintiff's Complaint [Paper No. 6], asserting that Jarvis has failed to state a claim because he makes merely conclusory allegations of racial discrimination and insufficient factual allegations under both federal and state law.

For the reasons that follow, Staples' Motion to Dismiss Plaintiff's Complaint [Paper No. 6] is **GRANTED** in its entirety, Plaintiff's Cross-Motion for Summary Judgment [Paper No. 9] is **DENIED**, Plaintiff's Motion for Sanctions for "Spoliation of Videotape Evidence" [Paper No. 11] is **DENIED**, Defendant's Motion to Strike [Paper No. 17] is **MOOT**, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**I.**

According to the Complaint, on or about February 21, 2008, Jarvis, an African-American, visited a Staples store located in Silver Spring, Maryland in order to purchase typewriter ribbon

and other unspecified office supplies. He claims that, after he entered the store, no Staples employees greeted him or offered him assistance. He then browsed the aisles searching for the supplies he needed. After five minutes of browsing, he claims that he noticed that a store employee, Patrick Epote, also an African-American, was "watching and following him."

After locating the supplies he needed, Jarvis realized that he had left his wallet in his car, and returned to the car to locate it. He claims that during his subsequent attempt to reenter the store, Epote "informed him that he could not come back [into the store] and also gestured to him that he could not come [in]to the store." Jarvis returned to his car and immediately left the area.

Approximately fifteen minutes later, Jarvis called the Staples store he had just left and related his experience to the store manager, Zanetta Williams. Williams referred Jarvis to Staples district manager Harry Ladd. Jarvis claims that he left numerous messages for Ladd regarding the incident, but that Ladd never returned his calls.

On March 24, 2008, Jarvis filed an administrative complaint against Staples with the Maryland Commission on Human Relations ("Commission"), alleging that Staples had refused him service because of his race. The Commission conducted a full investigation of the claim and, in a written report dated September 9, 2009, determined that no probable cause existed in support of Jarvis's claim. In response to the Commission's findings, Jarvis filed his Complaint with this Court.

**II.**

To survive a motion to dismiss, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard is not "a probability requirement," and requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

(2009); *see also Twombly*, 550 U.S. at 555 (stating that entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citation omitted). As such, when the facts of the complaint "do not permit the court to infer more than the mere possibility of misconduct," the pleader is not entitled to relief. *Iqbal,* 129 S. Ct. at 1950.

Even though a court will "accept as true" the factual matters presented in the complaint, *see Iqbal*, 129 S. Ct. at 1949, it will not do the same for legal conclusions the plaintiff asserts. *See id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish a cause of action]."); *see also Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000) ("Similarly, we need not accept as true [for purposes of Rule 12(b)(6) motion analysis] unwarranted inferences, unreasonable conclusions, or arguments."). Accordingly, pleading rules do not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 129 S. Ct. at 1949-50. Thus, a court follows a two-pronged approach when considering a motion to dismiss:

> [It] can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 129 S. Ct. at 1950.

### III.

Jarvis's complaint fails to survive the Motion to Dismiss.

Although federal courts are charged with liberally construing complaints filed by *pro se* litigants, *see, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this does not mean that a court may construct a claim out of whole cloth if the plaintiff fails to supply the necessary facts or a cognizable theory in support of a claim. *See Derek N. Jarvis v. Geico Ins. Co.*, No. 09-2638, 2009 U.S. Dist. LEXIS 106119, at *2 (D. Md. Nov. 13, 2009) ("Liberal construction [of a *pro se* complaint] . . . does not mean that a court can ignore a clear failure to allege facts which set forth a claim cognizable in federal district court.") (citation omitted).

This principle applies in force against Jarvis, who has a history of filing frivolous lawsuits in this Court. *See Derek N. Jarvis v. Enterprise Fleet Servs. & Leasing Co.*, No. 07-3385, 2010 U.S. Dist. LEXIS 25031, at *6 n.2 (D. Md. Mar. 17, 2010) (listing four recent lawsuits filed by Jarvis in this Court, and noting that "[t]he record references a number of other suits that are apparently pending in other courts.").

In *Enterprise Fleet,* Chief Judge Chasanow issued Jarvis a "stern warning" regarding his "current pattern of filing frivolous lawsuits in this court, and vexatious filings in those suits," and warned him that further filings of frivolous or vexatious litigation "may well result in action from the collective bench, including requiring him to seek leave of this court prior to commencing any future lawsuit here." *Id*. at *75.

Wholly apart from his problematic history with this Court, Jarvis's failure to plead sufficient factual evidence to support his conclusory legal allegations in this particular suit conclusively demonstrates that he is not entitled to relief.

**IV.**

Both 42 U.S.C. § 1981 and § 20-304 of the State Government Article of the Maryland Annotated Code prohibit discrimination based on race in the making and enforcement of

business contracts.[1] This prohibition applies to "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). To prevail on a § 1981 claim, a plaintiff must supply sufficient evidence to demonstrate that: "(1) he or she is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities protected by the statute." *Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 734 (D. Md. 2001) (citation omitted).

Thus, to establish a § 1981 claim, a plaintiff must "ultimately establish *both* that the defendant intended to discriminate on the basis of race, and that the discrimination interfered with a contractual interest." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 434 (4th Cir. 2006) (emphasis added).

It is undisputed that, as an African-American, Jarvis "is a member of a racial minority" in accordance with the first prong of the aforementioned test. Beyond that, however, Jarvis's proffered evidence falls woefully short of establishing a *prima facie* case.

Initially, "in order to satisfy the foundational pleading requirements for a suit under section 1981, a retail customer must allege that he was actually denied the ability to make, perform, enforce, modify, or terminate a contract, or to enjoy the fruits of a contractual relationship, by reason of a race-based animus." *Baltimore-Clark v. Kinko's, Inc.*, 270 F. Supp.

---

[1] Md. Code Ann., State Gov't § 49B, the statutory provision cited in Jarvis's Complaint, was recently repealed in its entirety by the Maryland Legislature, *see* 2009 Md. Laws ch. 120, § 1, and was replaced by, among other similar provisions, Md. Code Ann., State Gov't § 20-304, which reads:

> An owner or operator of a place of public accommodation or an agent or employee of the owner or operator may not refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, or privileges of the place of public accommodation because of the person's race, sex, age, color, creed, national origin, marital status, sexual orientation, or disability.

Because the 42 U.S.C. § 1981 claim generally tracks the language of the Maryland statute, the state claim ultimately fails for the same reasons the federal claim fails.

2d 695, 699 (D. Md. 2003) (citation omitted); *accord Derek N. Jarvis v. FedEx Office & Print Servs., Inc.*, No. 08-1694, 2010 U.S. Dist. LEXIS 25002, at *19-20 (D. Md. Mar. 17, 2010). Indeed, the crux of a § 1981 claim is the showing of intentional discrimination. *See General Building Contractors Ass'n v. Pennsylvania,* 458 U.S. 375, 391 (1982) ("We conclude . . . that [42 U.S.C.] § 1981 . . . can be violated only by purposeful discrimination."). "A plaintiff may establish a *prima facie* case of discrimination [under § 1981] through either direct evidence of intentional discrimination or circumstantial evidence which creates a reasonable inference of discrimination." *Buchanan v. Consol. Stores Corp.*, 217 F.R.D. 178, 191 (D. Md. 2003).

Here, Jarvis's *only* evidence cited in support of his claim of race-based animus is that Staples interfered with his ability to consummate a retail purchase because a Staples store employee, Patrick Epote, "was watching and following" him while he was in the store, then refused him re-entry after he left the premises to retrieve his wallet from his car. But no race-based animus inheres in this allegation, since "ordering Jarvis to leave the store does not, in and of itself, demonstrate racial animus," *FedEx Office & Print Servs.*, 2010 U.S. Dist. LEXIS 25002, at *21, and could not support even the slightest circumstantial inference thereof.

Further, § 1981 claims of discrimination in the retail context have "focused on the question of whether a plaintiff's right to contract has been impeded, thwarted, or deterred in some way, . . . or whether special conditions have been placed on a plaintiff's right to contract." *Id*. at *20 (citations omitted); *see also Denny,* 456 F.3d at 435 ("[Not] every person who walks into a commercial establishment and is denied service or is otherwise dissatisfied can maintain a § 1981 cause of action."). Jarvis asserts that Staples "denied [him] the full and equal enjoyment of [its] goods, services, facilities, privileges, advantages and accommodations on the basis of race," and that the "offensive and racially motivated conduct to which he was subjected . . . by

Staples . . . denied [him] the same rights that are enjoyed by white citizens of the United States," as support for his § 1981 claim. The only racially-motivated "conduct" Jarvis cites is once again based solely on his conclusory contention that Epote, a store employee, himself allegedly an African-American, "appeared to be profiling [Jarvis] because of [Jarvis's] race." Again, this evidence does not even remotely support a cause of action under § 1981 or under Maryland's counterpart statute.

## V.

Jarvis fares no better with his common law claim of negligent training and supervision. In order to establish a cause of action for negligent training and supervision under Maryland law, a plaintiff must set forth that "the employer of the individual who committed the allegedly tortious act owed a duty to the plaintiff, that the employer breached that duty, that there was a causal relationship between the harm suffered and the breach of the employer's duty, and that the plaintiff suffered damages." *Baltimore-Clark*, 270 F. Supp. 2d at 701 (quoting *Penhollow v. Board of Comm'rs for Cecil County*, 695 A.2d 1268, 1284 (Md. Ct. Spec. App. 1997)); *see also Bryant v. Better Business Bureau*, 923 F. Supp. 720, 752 (D. Md. 1996) (noting that to sustain a claim of negligent training and supervision a plaintiff must allege facts sufficient to show that a defendant "had or should have had knowledge of [an employee's] conduct or general character which would have caused a prudent employer in these circumstances to have taken action.").

But nothing that allegedly occurred in the Staples store was even arguably tortious in nature. There is thus no need to even reach the issue of whether Staples employees were improperly trained and supervised.

## VI.

Finally, Jarvis's claim for "obstruction of justice and spoliation of videotape evidence" fails as a matter of law, since neither the Fourth Circuit nor the State of Maryland recognizes this as an independent cause of action. *See Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) ("Thus, while the spoliation of evidence may give rise to court-imposed sanctions . . . , the acts of spoliation do not *themselves* give rise in civil cases to substantive claims or defenses.") (emphasis added); *see also Goin v. Shoppers Food Warehouse Corp.*, 890 A.2d 894, 898 (Md. Ct. Special App. 2006) ("[A court] should not adopt a remedy [for spoliation of evidence] that itself encourages a spiral of lawsuits [in tort], particularly where sufficient remedies, short of creating a new cause of action, exist for a plaintiff.") (citations omitted).

This is not the first time Jarvis has attempted to assert a claim of evidence spoliation in this Court. *See Jarvis v. FedEx Office & Print Servs., Inc.*, No. 08-1694, slip op. at 12-13 (D. Md. Mar. 10, 2009) (denying a spoliation of videotape evidence claim by Jarvis on the same grounds.). He was not successful then and he is not successful now.

## VII.

For the foregoing reasons, Staples' Motion to Dismiss [Paper No. 6] will be **GRANTED**, Plaintiff's Cross-Motion for Summary Judgment [Paper No. 9] is **DENIED**, Plaintiff's Motion for Sanctions for "Spoliation of Videotape Evidence" [Paper No. 11] is **DENIED**, Defendant's Motion to Strike [Paper No. 17] is **MOOT**, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**November 29, 2010**